UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PROJECT VIDA and P.V. COMMUNITY DEVELOPMENT CORPORATION | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-cv-00082 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY and ROBERT L. BETTS | § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Defendant Philadelphia Indemnity Insurance Company files this Notice of Removal, and, in support, respectfully shows the following:

**I.    THE COURT HAS DIVERSITY JURISDICTION**

Plaintiffs filed this lawsuit on February 14, 2020 in El Paso County, Texas against Philadelphia and Defendant Robert L. Betts. The lawsuit involves Plaintiffs' property insurance claims regarding the properties located at 3612 Pera Avenue in El Paco, Texas. On August 9, 2019, nearly six months prior to the date this lawsuit was filed, Philadelphia elect to accept any liability Betts may have to Plaintiffs, pursuant to Texas Insurance Code Chapter 542A. Philadelphia now removes this action on the basis of diversity jurisdiction because all Plaintiffs are diverse from Philadelphia, the only properly joined Defendant, and the amount in controversy exceeds $75,000.

**A.  The Plaintiffs and Philadelphia are Diverse**

Removal is proper under 28 U.S.C. § 1446(a)(1) because there is complete diversity of citizenship between Plaintiffs and Philadelphia, the sole properly joined Defendant. For purposes of diversity of citizenship, Plaintiffs Project Vida and P.V. Development Corp. are citizens of the

State of Texas, because they are corporations formed pursuant to Texas law with principal places of business at 3607 Rivera Street, El Paso, Texas 79905. *See* Ex. 1, Pl.'s Original Pet. ¶ 3; *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding corporations are a citizen of the state in which they are incorporated and in the state in which their principal place of business is located). Philadelphia is a citizen of Pennsylvania, being an insurance company formed under Pennsylvania law with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004. Based on the foregoing, Plaintiffs and Philadelphia are completely diverse within the meaning of § 1332(a). *Hertz*, 559 U.S. at 80.

Defendant Robert L. Betts is a natural person who is domiciled in Texas and is therefore a citizen of Texas for purposes of diversity jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *see Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). However, Betts has been improperly joined to this lawsuit because Philadelphia assumed his liability pursuant to Texas Insurance Code section 542A.006, and therefore no cause of action exists against Betts. Tex. Ins. Code § 542A.006(a)-(b); Ex. 2 (adopting Betts' liability pursuant to section 542A.006(a)).

Improper joinder is a narrow exception to the rule of complete diversity. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *see also Cortez v. Meritplan Ins. Co.*, No. 7:13-CV-140, 2013 WL 6835266, at *1 (S.D. Tex. Dec. 20, 2013) (citing *Campbell v. Stone Ins.,* 509 F.3d 665, 669 (5th Cir.2007)). Improper joinder exists when (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Cortez*, 2013 WL 6835266, at *1; *Patel v. Acceptance Indem. Ins. Co.*, No. 4:15-CV-944-A, 2016 WL 361680, at *1 (N.D. Tex. Jan. 28,

2016). Under the second scenario, courts conduct a Rule 12(b)(6)-type analysis "to determine whether the complaint states a claim under state law against the in-state defendant . . ." *Int'l Energy Ventures*, 818 F.3d at 200 (quoting *Smallwood*, 385 F.3d at 573). Removal is proper when an insured-plaintiff's pleading fails to allege facts that would plausibly lead to the conclusion the plaintiff can recover from the improperly joined Defendant. *See, e.g., Int'l Energy Ventures*, 818 F.3d at 199; *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).

That is the case here, as Plaintiffs are statutorily barred from pursuing claims against Betts. Specifically, the Texas Insurance Code provides:

> (a) Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

> (b) If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.

TEX. INS. CODE § 542A(a)-(b).

In this matter, Philadelphia assumed the liability of Betts on August 8, 2019, nearly six months before Plaintiffs file this lawsuit. Ex. 2. Philadelphia, through its attorney at the time, notified Plaintiffs that "Philadelphia elects to accept liability, if any, Robert Betts . . . may have to your clients for their acts, omissions, statutory violations or other wrongdoing related to the claim referenced above." *Id.* Therefore, no cause of action exists against Betts, and the statute mandates that the Court dismiss him from this action with prejudice.

### B. The Amount in Controversy Exceeds $75,000

Plaintiffs seek monetary relief between $200,000 and $1 million. Ex. 1 ¶ 2. Therefore, the amount in controversy exceeds the $75,000 threshold required to invoke diversity jurisdiction. 28

U.S.C. § 1332(a); *see St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

## II.    VENUE IS PROPER

Venue is proper in this District and Division under 28 U.S.C. §§ 124(d)(3), 1441 (a), and 1446(a) in that the Western District of Texas, El Paso Division encompasses El Paso, Texas and is "the district and division embracing the place where such action is pending."

## III.    REMOVAL IS TIMELY

This matter was filed on February 14, 2020. Ex. 1. Philadelphia was served via U.S. mail on February 24, 2020. Ex. 1, at 19. Betts was also served via U.S. mail on February 24, 2020. *Id.* at 20. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within 30 days after Philadelphia and Betts were served with Plaintiffs' Original Petition.

## IV.    THE REMOVAL SATISFIES § 1446

Pursuant to 28 U.S.C. §1446(a), copies of process and Plaintiffs' Original Petition are attached hereto as Exhibit 1. No orders have been served on Philadelphia. Pursuant to 28 U.S.C. §1446(d), promptly after Philadelphia files this Notice of Removal, written notice of the filing will be served on Plaintiffs, and a true copy of this Notice of Removal will be filed with the Clerk of the El Paso County District Court, the state court from which this action was removed.

## V.    PRAYER

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the matter was removed in accordance with section 28 U.S.C. §1446. Accordingly, Philadelphia respectfully prays that the United States District Court for the Western District of Texas, El Paso Division, file

the Notice of Removal, assume jurisdiction of this lawsuit, dismiss Defendant Robert L. Betts, and

issue all such further orders and processes as may be necessary.

Respectfully submitted,


*/s/ Stephen A. Melendi*
Stephen A. Melendi
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR DEFENDANT**
**PHILADELPHIA INDEMNITY INSURANCE**
**COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will electronically send notification to all counsel of

record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi