UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PROJECT VIDA and P.V. COMMUNITY DEVELOPMENT CORPORATION, §§§§ | |
| *Plaintiffs*, § | |
| v. § | EP-20-CV-00082-DCG |
| § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY and ROBERT L. BETTS, §§§§§ | |
| *Defendant*. § | |

## MEMORANDUM ORDER REMANDING CASE

Presently before the Court is Plaintiffs Project Vida and P.V. Community Development Corporation's (collectively, Plaintiffs) "Motion to Remand" (ECF No. 5) filed on April 7, 2020. The case originated in the 327th Judicial District Court of El Paso County, Texas, and by the instant motion, Plaintiffs request the Court to remand the case to that court. For the reasons that follow, the Court grants the motion.

### I. BACKGROUND

This case involves an insurance claim for hail damage to a real property. Plaintiffs are Texas non-profit corporations with their principal offices located in El Paso County, Texas.[1] Defendant Philadelphia Indemnity Insurance Company (hereinafter, Philadelphia Insurance) is an insurance company formed under Pennsylvania law with its principal place of business in Bala Cynwyd, Pennsylvania.[2] Defendant Robert L. Betts is an individual who resides in El Paso

---

[1] Pl.'s Original Pet. at ¶ 3 (hereinafter, "Pet."), ECF No. 1-1.

[2] Notice of Removal, at 2.

County, Texas; Philadelphia Insurance, through an adjusting firm, retained Betts as the adjuster for the insurance claim at issue.[3]

Plaintiffs own, among others real properties, the property located at 3612 Pera Avenue, El Paso, Texas 79905 (the "Pera Property").[4] The Pera Property (also known as Naftzger Clinic) is a 7,923 square foot building and functions as a community center with a healthcare center and an early childhood development center.[5] Philadelphia Insurance issued Commercial Property Policy No. PHPK1458047 (the "8047 Policy") to Plaintiffs, effective from February 21, 2016 and February 21, 2017.[6] The 8047 Policy provided coverage for loss and damage to the Pera Property caused by, among other perils, hailstorms.[7]

On November 4, 2016, which fell within the 8047 Policy period, a hailstorm caused damage to the Pera Property.[8] Plaintiffs timely submitted an insurance claim, and Philadelphia Insurance assigned claim number PHNP17091108228 to Plaintiffs' claim (the "Pera Claim").[9] Philadelphia Insurance retained the adjusting firm Sedgwick to investigate the claim, and Sedgwick, in turn, assigned the claim to Betts.[10] Betts, as the assigned adjuster, retained the services of an engineer, Gary L. Whightsil, with the engineering firm of Unified Investigations &

---

[3] Pet. at ¶¶ 5, 13; Pl.'s Mot. to Remand at 1.

[4] *Id.* at ¶ 9.

[5] *Id.*; Def. Resp. to Mot., Ex. 5, ECF No. 6-5.

[6] Pet. at ¶ 10.

[7] *Id.* at ¶¶ 10–11.

[8] *Id.* at ¶ 11.

[9] *Id.* at ¶ 13.

[10] Pl.'s Mot. to Remand at 1; Def.'s Resp. to Mot. at 2.

Sciences, Inc., a Sedgwick related company, to inspect the Pera Property and prepare written reports.[11]

Betts and Whightsil inspected the Pera Property, and Whightsil submitted a written report dated September 29, 2016.[12] Whightsil's report concluded that there was no wind or hail damage to the property's roofing and that any interior water intrusion resulted from pre-existing openings.[13] On February 16, 2018, Philadelphia Insurance sent a letter to Plaintiffs denying coverage and payment on the Pera Claim and closed the claim.[14] Thereafter, Plaintiffs retained their own adjuster who determined that the actual cost to repair or replace all of the covered storm damage to the Pera Property exceeded $500,000.00.[15]

According to Philadelphia Insurance's evidence, on May 21, 2018, Plaintiffs' real property located at 4875 Maxwell Avenue, El Paso, TX 79904 (the "Maxwell Property"), allegedly sustained wind and hail damage.[16] At the time, the Maxwell Property was insured under Commercial Policy No. PHPK1779181 (the "9181 Policy") issued by Philadelphia Insurance; the policy period ran from February 21, 2018 to February 21, 2019.[17] Plaintiffs submitted a claim for the alleged damage to the Maxwell Property, and Philadelphia Insurance assigned claim number PHNP19011241177 (the "Maxwell Claim").[18]

---

[11] Pet at ¶¶ 15–16; Def.'s Resp. to Mot. at 2; *id.*, Ex. 3, ECF No. 6-5.

[12] Pet at ¶ 16; Def.'s Resp. to Mot., Ex. 3.

[13] Pet. at ¶ 16.

[14] *Id.* at ¶ 18; Def.'s Resp. to Mot. at 2.

[15] Pet. at ¶ 18.

[16] Def.'s Resp. to Mot., Ex. 6, ECF No. 6-6.

[17] *Id.*, Ex. 7, ECF no. 6-7.

[18] *Id.*, Ex. 6; Def.'s Resp. to Mot. at 2–3.

On April 16, 2019, Plaintiffs, by and through their counsel, sent a demand letter to Betts regarding the Pera Claim.[19]  On the same day, Plaintiffs' counsel separately sent demand letters regarding claims on other properties, including the Maxwell Claim.[20]  On August 9, 2019, pursuant to Section 542A.006(a) of the Texas Insurance Code, Philadelphia Insurance, by and through its counsel, sent a letter to Plaintiffs' counsel, to serve as a notice of its election to accept Bett's liability, if any, to Plaintiffs.[21]

On February 14, 2020, Plaintiffs brought this lawsuit in state court; the basis of the lawsuit is Defendants Philadelphia Insurance and Bett's (collectively as "Defendants") alleged misconduct in connection with the Pera Claim.  Plaintiffs assert claims for violations of Chapter 541 of the Texas Insurance Code (specifically, Tex. Ins. Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(4), 541.060(a)(7), and 541.051(1)(B)) against Defendants.[22]  Plaintiffs assert additional state-law claims against Philadelphia Insurance.

On March 24, 2020, Philadelphia Insurance removed the action to federal court premised upon diversity jurisdiction, 28 U.S.C. § 1332.  Philadelphia Insurance claims that Betts, who is non-diverse, was improperly joined because by sending the August 9, 2019 letter, it elected to accept Betts' liability; it asks the Court to assume jurisdiction over this lawsuit and dismiss Betts.[23]  On April 7, 2020, Plaintiffs filed the instant motion to remand.  Philadelphia Insurance filed a response thereto, and Plaintiffs followed by filing their reply.

---

[19] Def.'s Resp. to Mot., Ex. 8, ECF No. 6-8.

[20] *Id.*, Exs. 9, 11, ECF Nos. 6-9, 6-11.

[21] *Id.*, Ex. 1, ECF No. 6-1.

[22] Pet. at ¶¶ 42–44.

[23] Notice of Removal at 2, 4–5.

## II.  DISCUSSION

"The right of removal is entirely a creature of statute[,] and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013).  The federal removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  To remove the case to federal court, Philadelphia Insurance invoked the district court's diversity jurisdiction under 28 U.S.C. § 1332(a).  "Diversity jurisdiction requires . . . 'complete diversity' of parties— that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019) (quotation omitted).

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity."  *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).  To establish a claim for improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  Here, actual fraud has not been claimed; at issue is the second situation.  Under this situation, the inquiry is: "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."  *Id.* at 573.  To determine such possibility of state-court recovery, a court may conduct a Rule 12(b)(6)-type analysis to assess the sufficiency of a plaintiff's pleadings alone; or, in its discretion, "pierce the pleadings and conduct a summary inquiry," *id.* at 574, considering "summary-judgment type evidence," *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016).  "Ultimately, the burden is on the removing party; and the burden of demonstrating improper joinder is a

heavy one." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (brackets and quotation omitted).

Here, for purposes of diversity jurisdiction, Plaintiffs and Betts are citizens of Texas. Philadelphia Insurance however claims that Betts was improperly joined. It does not challenge the sufficiency of Plaintiffs' pleading against Betts, but nudges the Court to conduct a summary inquiry. Specifically, it points out that prior to the lawsuit, it made an election under Section 542A.006(a) of the Texas Insurance Code, assuming Betts' liability and sent a letter to that effect to Plaintiffs. Def.'s Resp. to Mot. at 1. Consequently, it argues, there is no cause of action against Betts and in turn, Plaintiffs cannot recover against Betts. Notice of Removal at 3.

Enacted in 2017 as part of Texas House Bill 1774, a tort-reform bill popularly known as the "hailstorm" bill, *see* Amy E. Stewart, *2017 Insurance Law Update*, 83 The Advoc. (Texas) 7, 1 (2018) (Westlaw citation, 83 ADVOCTX 7), Section 542A.006, provides in relevant part:

> (a) . . . in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
>
> (b) If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.
>
> (c) If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.

Tex. Ins. Code § 542A.006(a)–(c). As Philadelphia Insurance's election of liability was made before Plaintiffs initiated this lawsuit, § 542A.006(b) governs.

Plaintiffs point out that the pre-suit letter Philadelphia Insurance sent to serve as a Section 542A.006(a) notice states that it "elects to accept liability, if any, Robert Betts, . . . may have to

your clients for their acts, omissions, statutory violations or other wrongdoing related to *the claim referenced above*." Def.'s Resp. to Mot., Ex. 1 (emphasis added), ECF No. 6-1. At the top of the letter, it provides the Maxwell Claim's number and date of loss therefor—*i.e.*, PHNP19011241177 and May 21, 2018—but this lawsuit turns on the Pera Claim, *i.e.*, Claim PHNP17091108228, and its date of loss was November 4, 2016. *Id.* Further, elsewhere, the letter refers to the 8191 Policy—which was not in effect on November 4, 2016; instead, the 8047 Policy, pursuant to which Plaintiffs assert their causes of action in this lawsuit, was in effect on that date. *Id.* at 2.

In arguing that its election letter was for the Pera Claim, Philadelphia Insurance points out that at the top of the letter, also listed is the address of the Pera Property, not that of the Maxwell Property. Def.'s Resp. to Mot. at 7; *id.*, Ex. 1. Further, the letter refers to inspection reports prepared by Whightsil and another engineer, Luis Espino. Def.'s Resp. to Mot. at 7; *id.*, Ex. 1. Although each of these reports mentions the address of the Pera Property, the election letter misstates the date of the Whightsil report. Def.'s Resp. to Mot., Exs. 3–4, ECF Nos. 6-3, 604. Based on these, Philadelphia Insurance claims that the letter provided adequate notice, despite "the alleged typographical oversight" about the claim number. *Id.* at 7.

As one court has observed, neither Texas courts nor the Fifth Circuit have provided guidance as to what constitutes sufficient notice of election under Section 542A.006(a). *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, No. CV H-19-1212, 2019 WL 2120854, at *3 (S.D. Tex. May 15, 2019). Philadelphia Insurance points out that unlike Section 542A.003, which requires that a claimant's (like Plaintiffs here) pre-suit notice to the insurance company must contain a statutory list of information, *see* Tex. Ins. Code § 542A.003(b), Section 542A.006 provides for no such information. While that is true, Section 542A.006(a) provides that the

insurance company may accept its agent's liability "for the agent's acts or omissions *related to the claim* by providing written notice to the claimant." Tex. Ins. Code § 542A.006(a) (emphasis added). The plain language of Section 542A.006(a), therefore, suggests that an insurance company's election of its agent's liability is effective as to a specific claim.

Here, at minimum, Philadelphia Insurance's election letter contains statements and information that present an ambiguity as to whether its election of liability was made for the Pera Claim or the Maxwell Claim. On motion to remand, the Court resolves this ambiguity in favor of remand, concluding that the letter is most reasonably read as being related to the Maxwell Claim—not the Pera Claim, which is at issue in this lawsuit, and consequently, remand is warranted.[24] *See Rico v. Flores*, 481 F.3d 234, 245 (5th Cir. 2007) (In making an improper-joinder inquiry, "we are obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in plaintiffs' favor." (brackets and quotation omitted)).

Further, to argue that remand is unnecessary, Philadelphia Insurance states that if the case is remanded, it intends to adopt Betts' liability (presumably with appropriate information identifying the Pera Claim) and that would render the case removable again. Def.'s Resp. to Mot. at 10–11. The only thing accomplished by the remand, continues Philadelphia Insurance,

---

[24] Philadelphia Insurance points out that in *Greatland*, the district court held that a Section 542A election letter that did not specifically name the insurer's agent was nonetheless a sufficient "written notice" under that section. Def.'s Resp. to Mot. at 6. In *Greatland*, the insurance company's notice stated: "Pursuant to section 542A.006(b), Mt. Hawley [*i.e.* the insurance company] therefore elects to accept any liability for any alleged acts or omissions relating to this claim *by* its employees, as well as *Engle Martin & Associates,* Risk Placement Services, Inc., *and their respective employees*." *Greatland Inv., Inc.*, 2019 WL 2120854, at *3 (emphasis added). There was no dispute that the non-diverse individual defendant, an insurance adjuster, "was an Engle Martin employee at the time of the inspection at issue." *Id.* Thus, the broader, more general language "Engle Martin & Associates . . . and their respective employees" encompassed the adjuster—though the adjuster's name was not specifically stated in the election letter. No such broader language to describe claim(s), much less one that may be read to encompass the Pera Claim, is present in Philadelphia Insurance's letter; *Greatland* is therefore distinguished.

would be delaying litigation of this matter by a number of months. *Id.* at 11. A post-lawsuit election of agent liability is governed by Subsection (c) of 542A.006, quoted *supra*. Although Philadelphia Insurance's hypothetical notice of successive removal is not before the Court, it makes the following observations.

As Philadelphia Insurance recognizes, there is a spilt among the district courts in this circuit over the effect a § 542A.006(a) election's timing has on the improper-joinder analysis. *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949–50 (S.D. Tex. 2019) (citing *River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1468933 (W.D. Tex. Apr. 22, 2019) (Pitman, J.)). One line of decisions holds that a § 542.006(a) election made after a lawsuit commences but before removal renders the in-state adjuster improperly joined because § 542.006(c) "requires that the adjuster be dismissed with prejudice" precluding any recovery against the adjuster. *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-CV-4159, --- F. Supp. 3d ---, 2020 WL 1430529, at *3 (S.D. Tex. Mar. 23, 2020) (collecting illustrative cases). The other line of decisions, which constitutes the majority view, concludes that "the touchstone of the improper joinder inquiry is whether parties were improperly joined at the time of joinder," and therefore, a post-lawsuit § 542.006(a) election "does not by itself establish improper joinder." *Id.* (same); *Williams v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:19-CV-0320-N, 2019 WL 3304684, at *3 (N.D. Tex. July 23, 2019).

That split creates an ambiguity which must be resolved in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *see also Gasch v. Hartford Accident & Indent. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ("As the effect of removal is to deprive the state court of an action properly before it, removal

raises significant federalism concerns." (quotation omitted)); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 546 (5th Cir. Unit A, Dec. 1981) ("[W]e should constantly remind ourselves that we must not trespass upon the judicial 'turf' of the state courts.").

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' "Motion to Remand" (ECF No. 5) is **GRANTED** and therefore, the above-captioned cause is **REMANDED** to the 327th Judicial District Court of El Paso County, Texas.

**IT IS FURTHER ORDERED** that all other pending motions, if any, are **DENIED AS MOOT**, and that the District Clerk shall **CLOSE** this matter.

**So ORDERED and SIGNED this  7th  day of May 2020.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**